**FIELDS v. SOUTHERN RY. CO. et al.**

**Civil Action No. 755.**

District Court, E. D. Tennessee.

Oct. 22, 1946.

J. B. Frazier, Jr., U. S. Atty., of Chattanooga, Tenn., and Taylor & Badgett, of Knoxville, Tenn., for plaintiff.

Charles H. Smith and Frank Fowler, both of Knoxville, Tenn., for defendants.

TAYLOR, District Judge.

This action is to enforce claimed rights under the provisions of Title 50 U.S.C.A. Appendix, § 308, against the Southern Railway Company.

The plaintiff is a veteran of World War II, having been inducted regularly into the service of the United States in the navy, and having been honorably discharged after regular service therein.

The view I take of the case requires no action on the questions made preliminarily.

The meritorious question is, whether plaintiff has a right of action against either party defendant for a violation of any rights secured to him under Section 8 of the Selective Service Act of 1940, as amended, 50 U.S.C.A.Appendix, § 308.

If the plaintiff was in the employ of either defendant, under the undisputed facts, he would be entitled to seniority and return to his employment as though his tour of service in the armed forces had not interfered. I find that Fields was not an employee. He had fully completed his training to become a locomotive fireman, but had not performed as such as an employee. Had he performed service as such, his position and seniority would have been fixed by established rules of the railroad and the Brotherhood. Under his arrangement with the railroad, he was not obligated to become an employee, and the company was not obligated to become an employer. Neither could compel the other to perform. The agreement between the railroad and the plaintiff provided that the relationship of employer and employee would begin if and when the fully trained trainee was called to perform the services for which he was trained and answered the call and performed the service. The railroad would have then become the employer and the plaintiff would have become the employee and his position of seniority fixed under the Act and under a long existing agreement between the railroad company and the Brotherhood. Until then, he was no more than a fully qualified trainee—that is, a trainee who had finished his period of training. He was never called, and had never performed services for the railroad company for which he had received or was entitled to receive compensation. Assuming the Act applies to veterans who had no employer-employee status, this veteran would have no ground for complaint unless the railroad company trained other firemen and gave them employment after the veteran demanded employment and was denied it. If plaintiff has any right under the Act, therefore, it is that he be given work now when it is available and ahead of other trainees.

Walling v. Nashville, C. & St. L. Ry., 6 Cir., 155 F.2d 1016, is exactly in point, as I view it. The distinction that there the trainee was not fully trained and that in the case at bar the training period was at an end, having been fully completed, is without a difference. The question whether plaintiff in the case at bar was an employee cannot be answered in the affirmative by application of the rule of liberal

construction. The relationship of employer and employee must exist, and whether it exists or not is determined by the facts and an application of settled principles of law.

In Judge Allen's dissent in Walling v. Nashville, C. & St. L. Ry., supra, the learned judge recognized this, but felt that under the facts there before the court, the services performed were of value to the railroad company and that a holding of non-applicability of a different statute there before the court gave employers an unjust and unintended advantage over labor and permitted them to obtain valuable services upon a pretext and without paying compensation which, according to her view, the Congress intended should be paid in every case. That point, or principle, is not here involved. Here the only question is, whether the relationship of employer and employee existed and if it did not exist, whether under other circumstances the statute is applicable.

Congress indicated its intent to secure to veterans a return to their fixed employment which had been interrupted by military service. This intent is evidenced by Congress having expressly exempted temporary positions.

I find that the relationship of employer and employee never existed and that the statute, therefore, has no application. The suit must be dismissed.